pears that he had every likelihood of completing his college studies satisfactorily.

We likewise find the evidence is sufficient to support the trial court's conclusion the appellant was not entitled to a setoff for the expenditures claimed. It is clear these expenditures were made without any expectation of repayment at the time they were made. Without some obligation either on the part of Roger or his mother to repay or reimburse the father for such expenditures, the question of whether the father was or was not obligated to make the payments which he made is irrelevant in determining whether he has performed his obligations under the property settlement agreement.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEWIS MONROE, Defendant-Appellant.

(No. 60688; ▉▉▉▉▉▉▉▉▉▉)

First District (1st Division)—July 7, 1975.

Opinion by Mr. JUSTICE EGAN.

James J. Doherty, Public Defender, of Chicago (Donald Paull and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.